UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No.: 15-17174-JKO
                                                                Chapter 11
    Jacqueline Semaan,

        Debtor-in-Possession.
_____/

Jacqueline Semaan,                                              Adv. Case No.:

        Plaintiff,

v.

Deutsche Bank National Trust Company,

        Defendant.
_____/

**ADVERSARY COMPLAINT TO DETERMINE
THE VALIDITY, EXTENT AND PRIORITY OF LIEN ON
REAL PROPERTY PURSUANT TO FED. R. BANKR. P. 7001(2)**

Jacqueline Semaan, the Debtor-in-Possession and Plaintiff (the "Debtor" or "Plaintiff"), by and through undersigned counsel, files this *Complaint to Determine the Validity, Extent and Priority of Lien on Real Property Pursuant to Fed. R. Bankr. P. 7001(2)*, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.    This Adversary Proceeding is brought pursuant to Fed. R. Bankr. P. 7001(2) seeking an order, judgment and decree from this Court to determine the validity, extent and priority of a lien.

2.    This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

3.    Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

4. On April 21, 2015, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (DE 1 in the main case[1]).

5. On October 30, 2015, Debtor filed a Motion to Convert Case from Chapter 13 to Chapter 11 (DE 76).

6. On December 15, 2015, this Court entered an Order granting Debtor's Motion to Covert Case from Chapter 13 to Chapter 11 (DE 87).

7. On June 1, 2017, the U.S. Trustee filed a Motion to Dismiss or, in the Alternative, Convert Chapter 11 Case to Chapter 7 (the "Motion to Dismiss") (DE 135).

8. On June 28, 2017, Debtor filed a Chapter 11 Plan of Reorganization (DE 139) and a Disclosure Statement (DE 140).

9. On June 30, 2017, Debtor filed an Amended Chapter 11 Plan of Reorganization (the "Plan") (DE 141) and an Amended Disclosure Statement (the "Disclosure Statement") (DE 142).

10. On July 3, 2017, Deutsche Bank National Trust Company (the "Creditor" or "Defendant") filed a Notice of Appearance (DE 143).

11. On July 17, 2017, Creditor filed an Objection to Confirmation of Debtor's Plan (the "Objection") (DE 149).

12. In Creditor's Objection, Creditor states it "holds a security interest in the Debtor's real property…by virtue of a Mortgage recorded on December 7, 2006 in Book 43230 at Page 693 of the Public Records of Broward County, FL. Said Mortgage secures a Note in the original principal amount of $750,000.00."

---

[1] *In re Jacqueline Semaan*, Case No. 15-17174-JKO, Chapter 11. All docket entries referenced herein are in the main case.

13. On October 4, 2017, this Court held a hearing on Debtor's Disclosure Statement and the U.S. Trustee's Motion to Dismiss.

14. The Court continued the hearing to November 8, 2017 (DE 162).

15. Debtor is uncertain of the validity, extent and priority of Creditor's lien on its real property located at 5100 North Ocean Blvd, Apartment 1612, Lauderdale by the Sea, FL 33308 (the "Real Property").

16. The Real Property is encumbered by a mortgage in the face amount of $750,000.00, which was executed on November 17, 2006 and recorded in Broward County Public Records on December 7, 2006 at Book 43230 Page 693.

17. As of October 23, 2017, Creditor has not filed a proof of claim.

18. Debtor is uncertain to the validity, extent and priority of Creditor's mortgage and seeks to determine the validity, extent and priority of Creditor's mortgage pursuant to Fed. R. Bankr. P. 7001(2).

## **COUNT 1 – VALIDITY, EXTENT AND PRIORITY OF LIEN**

19. Fed. R. Bankr. P. 7001(2) allows for an adversary proceeding to be filed to determine the extent, validity and priority of a lien on real property.

20. Creditor claims an interest in the Real Property in its Objection.

21. Creditor has not provided proof of the "[n]ote in the original principal amount of $750,000.00."

22. Debtor is uncertain of the amount, if any, of Creditor's claim.

23. This Court may determine the validity, extent and priority of a lien on real property.

24. Proof of the validity, extent and priority of the lien is necessary to ensure payment, if warranted, is made in the property amount to Creditor upon adjudication of its interests.

**WHEREFORE**, Debtor Jacqueline Semaan respectfully requests that this Court enter a declaratory judgment that determines the validity, extent and priority of the lien in the Real Property and for any further relief this Court deems proper.

Dated:  October 27, 2017

**VAN HORN LAW GROUP, P.A.**
330 N Andrews Ave., Suite 450
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

By: /s/  **Chad T. Van Horn, Esq.**
Chad T. Van Horn, Esq.
Florida Bar No. 64500